UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RN AND SONS, INC., d/b/a BELLWOOD FOOD AND LIQUORS, <br><br> Plaintiff, <br><br> v. <br><br> TOM VILSACK, as Secretary of the United States Department of Agriculture, and the UNITED STATES DEPARTMENT OF AGRICULTURE,[1] <br><br> Defendants. | No. 21-cv-3029 <br><br> Judge Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

The Food and Nutrition Service ("FNS"), an agency of Defendant United States Department of Agriculture ("USDA"), permanently disqualified Plaintiff RN and Sons, Inc., d/b/a Bellwood Food and Liquors ("RN & Sons") from participating in the Supplemental Nutrition Assistance Program ("SNAP"). RN & Sons then sued Defendants USDA and Tom Vilsack, Secretary of the USDA, seeking judicial review of the FNS's decision under 7 U.S.C. § 2023. Defendants move to dismiss RN & Sons's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and for failure to state a claim upon which

---

[1] It is unclear from the Complaint whether RN & Sons intended to name the USDA or the FNS as a defendant. (*See, e.g.*, Complaint for Review of US Department of Agriculture Decision ("Compl.") (Dkt. No. 1) ¶ 3 (referring to "Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE (FNS)").) But the FNS is an agency of the USDA, *Dinner Bell Markets, Inc. v. United States*, 116 F. Supp. 3d 905, 907 (S.D. Ind. 2015), and the USDA, not the FNS, has moved to dismiss the Complaint (*see* Dkt. No. 13). We therefore refer to the USDA as a defendant for purposes of the motion before us.

relief may be granted. (Defendants' Motion to Dismiss ("Mot. to Dismiss") (Dkt. No. 13).)[2] RN & Sons argues that dismissal is inappropriate, and it also requests leave to amend its Complaint. (Response to Defendant's [sic] Motion to Dismiss ("Response") (Dkt. No. 15).) For the reasons set forth below, we grant Defendants' Motion to Dismiss and deny RN & Sons's request for leave to amend the Complaint.

## BACKGROUND

On January 11, 2021, the FNS's Retailer Operations Division issued a determination letter informing RN & Sons that it was permanently disqualified from participating in SNAP. (Compl. ¶ 4; Final Agency Decision (Dkt. No. 1-2) at 3–4.) RN & Sons appealed, but on May 5, 2021, the FNS issued a final agency decision upholding the initial decision to disqualify RN & Sons from participating in SNAP. (Compl. ¶¶ 5–7; *see generally* Final Agency Decision.) The FNS's final decision directed RN & Sons to 7 U.S.C. § 2023 with respect to its right to judicial review. (Final Agency Decision at 19.) The decision also explained that if RN & Sons desired judicial review, a complaint "naming the United States as the defendant" must be filed in federal court "within thirty (30) days of receipt of this Decision." (*Id.*)

On June 5, 2021, RN & Sons filed a complaint asking us to reverse the FNS's final decision. (Compl. ¶ 9.) RN & Sons alleges, and Defendants do not dispute, that the Complaint was timely filed under 7 U.S.C. § 2023. (*Id.* ¶ 8; *see generally* Mot. to Dismiss.) The Complaint names the USDA and Tom Vilsack, as Secretary of the USDA, as defendants. (Compl. ¶¶ 2–3.)

RN & Sons was required to serve Defendants within 90 days after filing the Complaint, *i.e.*, by September 3, 2021. *See* Fed. R. Civ. P. 4(m). It did not do so. On October 18, 2021, we

---

[2] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

2

directed RN & Sons to file a written report as to the status of service by October 25. (Dkt. No. 4.) We further cautioned RN & Sons that if service had not been made, we would dismiss the case for want of prosecution. (*Id.*) On October 21, RN & Sons filed a motion for leave to issue a summons, in which it stated that "the Summons has yet to be served upon the Defendant." (Dkt. No. 5-1 at 2–3.) We denied the motion because RN & Sons did not cite any authority indicating that we needed to authorize the court clerk to issue a summons. (Dkt. No. 6.) We directed RN & Sons to submit a properly completed summons to the Clerk's Office and noted that our order requiring a status report by October 25 still stood. (*Id*.) Although a summons was issued as to the USDA on October 22, RN & Sons did not file a status report until November 2. (*See* Status Report on Service of Defendant ("Status Report") (Dkt. No. 10).) In its status report, RN & Sons asserted that it had sent, via certified mail, three copies of the summons, complaint, and exhibits to the United States Attorney and the United States Attorney General on October 25. (*Id*. ¶ 1.) RN & Sons also stated that it would file proof of service "upon receipt by [its] attorney." (*Id*. ¶ 2.) After receiving RN & Sons's status report, we ordered RN & Sons to file proof of service by January 24, 2022. (Dkt. No. 11.) To date, RN & Sons has not filed any proof of service. Nonetheless, Defendants represent that the United States Attorney was served on November 4, 2021. (Mot. to Dismiss at 4.)

**LEGAL STANDARD**

A Rule 12(b)(1) motion seeks dismissal based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(6) motion seeks dismissal based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To rule on either motion, we accept as true all well-pleaded factual allegations in the plaintiff's complaint and draw all reasonable inferences in the plaintiff's favor. *Bultasa Buddhist Temple of Chi. v.*

3

*Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (Rule 12(b)(1) motion); *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (Rule 12(b)(6) motion).

## ANALYSIS

RN & Sons's Complaint seeks judicial review of the FNS's May 5, 2021 final decision pursuant to 7 U.S.C. § 2023. (Compl. ¶¶ 6, 8, 9.) Defendants argue that the only proper defendant in a suit for judicial review under section 2023 is the United States, so they (Secretary Vilsack and the USDA) should be dismissed. (Mot. to Dismiss at 2–3.) This argument implicates our jurisdiction over RN & Sons's Complaint, so we treat it as the Rule 12(b)(1) aspect of Defendants' motion. Defendants further contend that RN & Sons should not be permitted to amend the Complaint to name the United States as a defendant. (*Id.* at 3–4.) Such an amendment, Defendants argue, would be futile because it would not relate back to the filing date of RN & Sons's Complaint. (*Id.* at 4.) We treat this argument as the Rule 12(b)(6) portion of Defendants' motion. *See Naperville Smart Meter Awareness v. City of Naperville*, 900 F.3d 521, 525 (7th Cir. 2018) (applying Rule 12(b)(6) standard in reviewing district court's denial of leave to amend on futility grounds).

**I.      Are Secretary Vilsack and the USDA the Proper Defendants?**

"The doctrine of sovereign immunity . . . renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). The United States consents to be sued, *i.e.*, waives its sovereign immunity, through statute. *See Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) ("[T]he United States cannot be sued unless by statute Congress has expressly and unequivocally waived the government's sovereign immunity."). The relevant statute here is 7 U.S.C. § 2023. Section 2023 requires an aggrieved party seeking judicial review of a final agency decision to

4

file suit "against the United States." 7 U.S.C. § 2023(a)(13). This language waives sovereign immunity for the United States itself but not for any other entity or individual, such as the USDA or its officials. *Twin Grocery v. Deegan*, Civil Action No. 16-6151, 2017 WL 2362410, at *4 (E.D. Pa. May 31, 2017); *Arias v. United States*, No. 13 Civ. 8542(HBP), 2014 WL 5004409, at *14 (S.D.N.Y. Sept. 29, 2014); *Calderon v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 756 F. Supp. 181, 183–84 (D.N.J. 1990).

In other words, a plaintiff seeking judicial review of an FNS final decision, as RN & Sons does, must name the United States as the sole defendant in the corresponding lawsuit; naming the Secretary of the USDA or the USDA as defendants does not suffice. *See, e.g.*, *Brooks v. United States*, 64 F.3d 251, 253 n.1 (7th Cir. 1995) (noting that "the United States is the *only* proper defendant in an action for judicial review" brought under section 2023(a) (emphasis added)); *Arias*, 2014 WL 5004409, at *14 (dismissing section 2023(a) action against Secretary Vilsack); *Martin's Food & Liquor, Inc. v. U.S. Dep't of Agric.*, 702 F. Supp. 215, 216 (N.D. Ill. 1988) (dismissing section 2023(a) action against the USDA because it was "not a suit against the United States of America" (quotation marks omitted)). Because RN & Sons sued Secretary Vilsack and the USDA, not the United States itself, we do not have jurisdiction over RN & Sons's lawsuit. *Minhas v. U.S. Dep't of Agric. Food & Nutrition Serv.*, No. C13-756 MJP, 2013 WL 5675116, at *1 (W.D. Wash. Oct. 17, 2013) ("Because Plaintiff chose to sue the USDA and not the United States, this Court has no jurisdiction over his claims."); *see also LaBonte v. United States*, 233 F.3d 1049, 1051 (7th Cir. 2000) (waiver of sovereign immunity "is a prerequisite for jurisdiction" (quotation marks omitted)).

RN & Sons argues that "[t]he Defendant received actual notice" and that "dismissal for ineffective service of process is inappropriate at this stage." (Response ¶ 1.) RN & Sons also

contends that it attempted to properly complete service in good faith and that "[c]ourts will grant pro se and in forma pauperis parties a degree of leniency for failure to effect service when there is good cause." (*Id.*) But RN & Sons is not proceeding *pro se* or *in forma pauperis*. (*See, e.g.,* Compl. at 3 (reflecting that the Complaint was filed by an attorney); Response at 1–2 (reflecting that RN & Sons's Response was filed by an attorney); Dkt. No. 1 (Clerk's note indicating that RN & Sons paid the $402 filing fee).) So, any leniency purportedly given to parties proceeding *pro se* or *in forma pauperis* is irrelevant. Regardless, the issue raised by Defendants is not one of notice or service, but one of jurisdiction: RN & Sons has sued two parties, Secretary Vilsack and the USDA, who are immune from a suit for judicial review under section 2023(a). *See, e.g., Twin Grocery*, 2017 WL 2362410, at *4; *Calderon*, 756 F. Supp. at 184. Defendants' Rule 12(b)(1) motion is therefore granted.

**II.     Should We Permit RN & Sons to Amend Its Complaint to Name the United States as the Defendant?**

RN & Sons requests leave to amend its Complaint to name the United States as the defendant in this case. (Response ¶ 2.) Defendants argue that we should not allow RN & Sons to do so because any such amendment would not relate back to the filing date of the Complaint. (Mot. to Dismiss at 3–4.) Without relation back, Defendants continue, RN & Sons's amended complaint would be time-barred and therefore futile. (*Id.* at 4.) We again agree with Defendants.

A plaintiff challenging an FNS final agency decision must file a complaint against the United States in federal court "within thirty days after the date of delivery or service of the final notice determination upon it." 7 U.S.C. § 2023(a)(13). In this case, the FNS issued its final decision on May 5, 2021. (Compl. ¶ 6.) Thus, amending the Complaint to name the United States as a defendant at this time (or even in February 2022, when RN & Sons first made its

6

request to amend) would be time-barred unless the amendment would relate back to the filing date of RN & Sons's Complaint. *See, e.g.*, *Williams v. U.S. Postal Serv.*, 873 F.2d 1069, 1071–72 (7th Cir. 1989) (where the plaintiff did not name the only proper defendant, the Postmaster General, within the 30-day period required by statute, the district court "could only have had jurisdiction over [the plaintiff's] action if adding the Postmaster [General] would relate back to the date of her original complaint"); *Calderon*, 756 F. Supp. at 184 (because section 2023(a)(13)'s 30-day time period had already expired, the plaintiff could amend his complaint to name the United States as a defendant only if the "amendment would relate back to the time of his commencement of this action").

An amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original complaint if, among other things, "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits; and [] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Where, as here, the United States is a defendant to be added by amendment, Rule 15(c)(1)(C)'s notice requirements are satisfied if "process was delivered or mailed" to the United States Attorney, the United States Attorney's designee, or the Attorney General of the United States during the period set forth in Rule 4(m). Fed. R. Civ. P. 15(c)(2); *Lawrence v. United States*, No. 18 CV 1570, 2019 WL 6497368, at *2 (N.D. Ill. Dec. 3, 2019). Rule 4(m), in turn, requires a plaintiff to serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 n.2 (7th Cir. 2018).

RN & Sons has not shown that an amended complaint naming the United States as a defendant would relate back to the filing date of its Complaint. *See Jones v. Cir. Ct. of Cook Cnty., Off. of the Chief Judge*, No. 18-cv-1319, 2021 WL 4459510, at *2–3 (N.D. Ill. Sept. 9, 2021) (placing the burden on the plaintiff to show that the requirements for relation back were met). In fact, RN & Sons does not make any attempt to explain how the requirements for relation back are satisfied, even though Defendants raised this issue in their opening motion. RN & Sons's entire argument seeking leave to amend is "[t]hat RN and Sons is requesting leave to amend the complaint to name the United States as the Defendant provided by Rule 4(m) to bring in the party." (Response ¶ 2.) RN & Sons has waived any argument that its requested amended complaint would relate back to the filing date of its Complaint. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

But any such argument would not succeed even if it had not been waived. Under Rules 4(m) and 15(c)(2), RN & Sons had to mail or deliver the Complaint to the United States Attorney or the Attorney General by September 3, 2021—90 days after it filed the Complaint. RN & Sons did not do so; it waited until October 25, 2021 (142 days after filing the Complaint) to mail the Complaint to the United States Attorney and Attorney General. (Status Report ¶ 1.) Nor is there anything to suggest that RN & Sons satisfied Rule 15(c)(1)(C)'s notice requirements in some other way. Therefore, RN & Sons did not notify the United States of its lawsuit in compliance with Rule 15(c)'s requirements for relation back.

Though we ordinarily should grant a plaintiff at least one chance to amend its complaint, we need not do so where it is certain that amendment would be futile. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). "Failure to remedy the jurisdictional defects of a complaint is

one example of where an amendment would prove futile." *Williams*, 873 F.2d at 1072. Here, RN & Sons's requested amended complaint would not relate back to the filing date of the Complaint because RN & Sons did not satisfy Rule 15(c)'s notice requirements. And without the benefit of relation back, RN & Sons's requested amended complaint would bring suit against the United States well outside the 30-day window set forth in 7 U.S.C. § 2023(a)(13). Such actions "do not lie within the ambit of § 2023's waiver immunity," *Santana v. U.S. Department of Agriculture*, No. 11-CV-5033 (ENV)(RLM), 2012 WL 2930223, at *2 (E.D.N.Y. July 18, 2012), so it would be futile to give RN & Sons leave to amend the Complaint to name the United States as the sole defendant, *see Williams*, 873 F.2d at 1071–73 (because an amendment naming the Postmaster General as a defendant would not relate back to the plaintiff's original complaint, it would "not cure the court's lack of subject matter jurisdiction over that complaint"); *Calderon*, 756 F. Supp. at 184–86 (denying the plaintiff's request for leave to name the United States as a defendant after the expiration of section 2023(a)(13)'s 30-day period because the plaintiff failed to meet Rule 15(c)'s requirements for relation back); *Martin's Food & Liquor*, 702 F. Supp. at 216–17 (same).

## CONCLUSION

For the foregoing reasons, we grant Defendants' Motion to Dismiss (Dkt. No. 13) and dismiss RN & Sons's Complaint based on a lack of subject matter jurisdiction. We further deny RN & Sons's request to amend the Complaint to name the United States as a defendant. This civil case is terminated. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 20, 2022